Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Majdi Hijazin (*pro hac vice*)
Majdi.Hijazin@capstonelawyers.com
Kathy Pham (SBN 329345)
Kathy.Pham@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1860
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiff Max Parker*
*and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAX PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAID TO THINK INC., a dissolved corporation, formerly d/b/a MY LEGAL ACADEMY, and REDWOOD MERIDIAN LLC, d/b/a MY LEGAL ACADEMY, as Successor in Interest to PAID TO THINK INC., and ANDREY LYUTYKH<br><br>Defendants. | Case No.: 2:25-cv-10756-GW-BFM<br><br>Honorable George H. Wu<br><br>Magistrate Brianna Fuller Mircheff<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*; AND JURY TRIAL DEMAND** |

## INTRODUCTION

1. MAX PARKER ("Plaintiff") brings this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PAID TO THINK INC., a dissolved corporation, formerly d/b/a/ MY LEGAL ACADEMY ("Paid to Think"), REDWOOD MERIDIAN LLC, d/b/a MY LEGAL ACADEMY, as Successor in Interest to PAID TO THINK, INC., ("Redwood" or "Successor Defendant"), and ANDREY LYUTYKH ("Lyutykh") (collectively, "Defendants"). As stated below, Plaintiff alleges that Defendants Paid to Think and Lyutykh (or "Predecessor Defendants") negligently and/or willfully contacted Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, on information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction because this case arises out of violations of federal law 47 U.S.C. § 227(c).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the conduct giving rise to this lawsuit occurred here and Defendants are subject to personal jurisdiction here, regularly conducting business within the State of California.

## PARTIES

5. Plaintiff is a California citizen residing in North Hollywood, California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

6. Defendant Paid to Think is a dissolved California corporation. Pursuant to Federal Rule of Civil Procedure 17(b)(2) and California Corporations Code § 2010, Paid to Think continues to exist for the purpose of defending this action, and its capacity to be sued is not terminated by its dissolution. Paid to Think is a "person," as defined by 47 U.S.C. § 153(39). At all times relevant herein, Paid to Think conducted business in the State of California and in this district.

7. Defendant Redwood Meridian LLC is a California limited liability company organized and existing under the laws of the State of California, with its principal place of business at 21550 Oxnard Street, 3rd Floor, Suite 5021, Woodland Hills, California 91367. Redwood is a "person," as defined by 47 U.S.C. § 153(39). Redwood expressly assumed the assets and liabilities of Paid to Think through an asset sale agreement executed on or about November 6, 2025.[1]

8. Defendant Andrey Lyutykh is an individual residing in West Hills, California 91307. Lyutykh is the owner and sole managing member of Redwood. Lyutykh is also formerly a co-founder and chief operating officer ("COO") of My Legal Academy ("MLA") when it was owned and operated by Paid to Think. Discovery will show that Lyutykh directly caused and/or participated in the illegal conduct described in this Second Amended Complaint.

9. According to the California Secretary of State's ("SOS") website, on December 16, 2025, Paid to Think's filing status changed from "active" to "terminated." As of the date of filing this Second Amended Complaint, Paid to Think's filing status on the SOS's website remains "terminated."

10. Defendant Paid to Think was, and Defendant Redwood is, a business growth and consulting platform for law firms. Through their business mark, My

---

[1] *See* Asset Sale Agreement § 2.1, attached hereto as Exhibit A ("ASA"), at 3.

Legal Academy, Paid to Think was, and Redwood currently is, an online community, training, and operational consultancy platform designed to help law firm owners automate, scale, and optimize their business growth.

## FACTUAL ALLEGATIONS

11. On or about February 18, 2023, Plaintiff registered his cellular telephone number ending in -3955 with the National Do-Not-Call Registry.

12. At all times relevant, Plaintiff was a film student. Plaintiff was never a law student nor did he ever possess any intent to become a lawyer.

13. Between August 11, 2025, and August 14, 2025, Defendants Paid to Think and Lyutykh sent multiple text messages to Plaintiff on his cellular telephone[2] from the telephone number (646) 647-3554.

14. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendants' services.

15. The text messages each contained a web address linked to https://link.mylegalacademy.com/facebook-ads-for-lawyers-webinar-3.

16. Paid to Think and Lyutykh's text messages were for the purpose of offering consulting services to attorneys.

17. The text messages had a commercial purpose. Paid to Think and Lyutykh benefited commercially from the marketing campaign on various levels, including cultivating a network of agents through which Paid to Think ultimately sold its goods and services.

18. Plaintiff did not provide Paid to Think or Lyutykh his cellular telephone number at any point in time, nor did he give permission for Paid to Think or Lyutykh to message it.

---

[2] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on May 13, 2026, placing telemarketing calls to wireless phones is—and always has been—illegal in most cases.

19. Plaintiff did not have an established business relationship with Paid to Think or Lyutykh during the time of the telephone solicitations. In fact, Plaintiff is not an attorney.

20. Plaintiff did not have a personal relationship with Paid to Think or Lyutykh at any point in time.

21. Plaintiff did not give Paid to Think or Lyutykh prior express invitation, permission, or any consent in writing, or otherwise, for these Defendants to message Plaintiff's personal cellular telephone for marketing or solicitation purposes.

22. Paid to Think and Lyutykh did not make the telephone solicitations in error.

23. At all relevant times, Paid to Think or Lyutykh failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

24. On or about November 6, 2025, Paid to Think sold substantially all of its assets to Redwood Meridian LLC, a newly formed entity owned and controlled by Lyutykh. Ex. A § 2.1, at 3.

25. As part of the Asset Sale Agreement, Redwood expressly assumed Paid to Think's liabilities, including those arising from the conduct alleged herein. *Id.* at p. 3.

26. Section 2.1 of the ASA provides:

> 2.1 **Assumed Liabilities (Broad Assumption).** Effective as of the Effective Date, **Buyer assumes, pays, performs and discharges, when due, any and all liabilities and obligations of every kind and nature, whether known or unknown, fixed or contingent, accrued or unaccrued, liquidated or unliquidated,**

> **arising out of or relating to the Purchased Assets or the MLA business,** including without limitation: (a) all liabilities and obligations under the **Assigned Contracts** (defined below) arising **on or after the Effective Date;** (b) all obligations to customers, members and community participants (including refunds, credits, chargebacks and support obligations, whether arising from pre- or post-Effective Date sales or representations related to the MLA business); (c) all vendor, platform and service obligations; (d) data privacy/security compliance, breach/notification obligations and any regulatory inquiries relating to the Purchased Assets; (e) **all employment-related liabilities** with respect to any employees or contractors of the MLA business who accept employment/engagement with Buyer, including accrued but unpaid PTO/benefits to the extent expressly set forth on **Schedule 7;** (f) all warranty, product/service liability and deceptive trade practices liabilities; **(g) all liabilities arising out of continuing use of the MLA Mark and other IP after the Effective Date**; and (h) all **Taxes** as set forth in §6. The foregoing collectively are the **"Assumed Liabilities."** (emphasis added) Ex. A § 2.1, at 3.

27. Redwood continued the same or similar business operations as Paid to Think, including offering consulting services to attorneys, utilizing the same assets (including the MLA mark), management, employees (including Defendant Lyutykh), and customer base.

28. At all relevant times, discovery will show that, Lyutykh knowingly participated in, authorized, built, and directed the unlawful marketing scheme described herein. Lyutykh's actions render Lyutykh individually liable for resulting damages. *See Dawson v. Porch*, 2024 WL 4765159 (W.D. Wash. Nov.

13, 2024). At all relevant times, Lyutykh, as COO of Paid to Think, was an agent acting for Paid to Think within the scope of his employment. Pursuant to 47 U.S.C. § 217, Lyutykh's actions render Paid to Think liable for resulting damages.

29. At all times relevant, in furtherance of the unlawful marketing scheme, unknown third-party telemarketers and/or lead generators were acting as agents for Paid to Think within the scope of their employment. Pursuant to 47 U.S.C. § 217, their actions render Paid to Think liable for resulting damages.

30. At all times relevant, when Redwood purchased the assets of Paid to Think, Redwood expressly assumed the liabilities of Paid to Think. Under the doctrine of corporate successor liability, the same renders Redwood liable for all resulting damages. *See* Exhibit A, p. 3.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

32. Plaintiff represents, and is a member of, the Class, consisting of:

> *All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Predecessor Defendants which promoted Predecessor Defendants' products or services, within any twelve-month period, within the four years prior to the filing of this Complaint.*

33. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Predecessor Defendants in at least the following ways: Predecessor Defendants,

either directly or through their agents, illegally contacted Plaintiff and the Class via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of Plaintiff and the Class whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class were damaged thereby.

35. This suit seeks only damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records and the National Do-Not-Call Registry.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this action, Predecessor Defendants or their agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Predecessor Defendants;

b. Whether Predecessor Defendants' telephone solicitations were made via text message to cellular telephone numbers;

c. Whether Predecessor Defendants obtained prior express written consent from Plaintiff and the Class to make such solicitations;

d. Whether Plaintiff and the Class were damaged thereby, and the

extent of damages for such violation; and

e. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

38. As a person who received numerous telephone solicitations from Predecessor Defendants within a 12-month period, who did not have an established business relationship or personal relationship with Predecessor Defendants, and who did not provide Defendants prior express invitation or permission to receive telephone solicitations, Plaintiff asserts claims typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Predecessor Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Predecessor Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory

relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the TCPA by Paid to Think, Inc.**

**47 U.S.C. § 227 et seq.**

**(Direct Liability)**

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant Paid to Think constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

45. As a result of Defendant Paid to Think's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the TCPA by Paid to Think, Inc.**

**47 U.S.C. § 227 et seq.**

**(Direct Liability)**

47. Plaintiff incorporates by reference paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant Paid to Think constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

49. As a result of Defendant Paid to Think's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an

award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**

**Negligent Violations of the TCPA by Redwood Meridian LLC**

**47 U.S.C. § 227 et seq.**

**(Successor Liability)**

51. Plaintiff incorporates by reference all the above paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

52. As stated above in paragraph 45, the foregoing acts and omissions of Defendant Paid to Think constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

53. As a result of Defendant Redwood's contractually assumed negligent violations of 47 U.S.C. § 227, et 14 seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the TCPA by Redwood Meridian LLC**

**47 U.S.C. § 227 et seq.**

**(Successor Liability)**

55. Plaintiff incorporates by reference all the above paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

56. As stated above in paragraph 48, the foregoing acts and omissions of Defendant Paid to Think constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

57. Because Redwood expressly assumed the liabilities of Paid to Think, Paid to Think's knowing and/or willful violations of 47 U.S.C. § 227, et seq., are imputed to Redwood. Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5) and against Defendant Redwood.

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FIFTH CAUSE OF ACTION**

**Negligent Violations of the TCPA by Andrey Lyutykh**

**47 U.S.C. § 227 et seq.**

**(Individual Liability)**

59. Plaintiff incorporates by reference all the above paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

60. Defendant Lyutykh directly caused and/or participated in the illegal telemarketing practices described in this Second Amended Complaint.

61. Defendant Lyutykh exercised substantial control over the operations and policies of Paid to Think, including the marketing campaigns that resulted in the unsolicited text messages sent to Plaintiff and the Class members. Under the Telephone Consumer Protection Act, individuals who personally participate in or authorize violations may be held jointly and severally liable with the corporate entity.

62. The foregoing acts and omissions of Defendant Lyutykh constitute multiple negligent violations of the TCPA, including but not limited to each and

every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

63. As a result of Defendant Lyutykh's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SIXTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the TCPA by Andrey Lyutykh**

**47 U.S.C. § 227 et seq.**

**(Individual Liability)**

65. Plaintiff incorporates by reference all the above paragraphs 1 through 42 of this Second Amended Complaint as though fully stated herein.

66. Defendant Lyutykh directly caused and/or participated in the illegal telemarketing practices described in this Second Amended Complaint.

67. Defendant Lyutykh exercised substantial control over the operations and policies of Paid to Think and Redwood, including the marketing campaigns that resulted in the unsolicited text messages sent to Plaintiff and the Class members. Under the Telephone Consumer Protection Act and applicable California law, individuals who personally participate in or authorize violations may be held jointly and severally liable with the corporate entity.

68. The foregoing acts and omissions of Defendant Lyutykh constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 64.1200(c).

69. As a result of Defendant Lyutykh's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

70. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendants:

a. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

b. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5);

c. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future;

d. Costs of suit;

e. Pre- and post-judgment interest;

f. Reasonable attorneys' fees pursuant to, among other things, the common fund doctrine; and

g. Any other relief the Court may deem just and proper.

Dated: May 22, 2026

Respectfully submitted,

CAPSTONE LAW APC

By: */s/ Majdi Y. Hijazin*

Cody R. Padgett
Majdi Y. Hijazin (*pro hac vice*)
Kathy Pham

*Attorneys for Plaintiff and the Putative Class*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Central District of California Local Rule 38-1, Plaintiff hereby demands a trial by jury of all issues in this action so triable.

Dated: May 22, 2026

Respectfully submitted,

CAPSTONE LAW APC

By: */s/ Majdi Y. Hijazin*

Cody R. Padgett
Majdi Y. Hijazin (*pro hac vice*)
Kathy Pham

*Attorneys for Plaintiff and the Putative Class*